### PARSONS v. WISNER.

(Supreme Court, Appellate Term.   January 8, 1909.)

MASTER AND SERVANT (§ 301*) — STREETS—INJURIES TO THIRD PERSONS—RELA-
   TION OF PARTIES.
       Defendant was not liable for injuries to plaintiff in a collision with de-
   fendant's automobile, while the same was being operated by a chauffeur
   employed by defendant's brother, who had control of the automobile as
   bailee.
       [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
   1210–1216; Dec. Dig. § 301.*]

Appeal from City Court of New York, Trial Term.

Action by Kathryn M. Parsons against Archie L. Wisner.   From a
judgment for plaintiff, and from an order denying defendant's motion
to set aside the verdict, he appeals.   Reversed.

. Argued before GILDERSLEEVE, P. J., and BISCHOFF and
GUY, JJ.

Samuel C. Herriman, for appellant.
Simis & Coyle, for respondent.

· GUY, J.   This is an appeal from a judgment for the plaintiff, entered
upon the verdict of a jury, and from an order denying a new trial,
in an action to recover damages for injuries.   Plaintiff was·injured
while alighting from a street car by being run into.and knocked down
by an automobile belonging to the defendant, and alleged to· be under
the control of a servant of the defendant at the time of the said injury.

It .was conceded on the trial that the automobile was the property
of the defendant.   The testimony of the defendant and defendant's
witnesses established the fact that defendant had loaned his automobile
—parted with possession thereof—to his brother before leaving this
state, several months prior to the accident; that defendant did not re-
turn to this state until after the date of the accident; that defendant had
never had a chauffeur regularly in his employ, but was in the habit
generally of operating the machine himself; that defendant's brother,
during defendant's absence, applied to. the proprietor of a garage for
a chauffeur and paid for the services of the chauffeur who was in
charge of the machine at the time of the accident.   Plaintiff seeks to
overcome this evidence by testimony of plaintiff's attorney as to an
interview between him and defendant subsequent to the accident, in
which he states that defendant used the following language: "My
chauffeur has reported the accident to me."   Defendant absolutely
denies using this expression.

It is not necessary to pass upon the question of the contributory
negligence of the plaintiff.   Upon the case presented it is established
by a clear preponderance of evidence that the chauffeur in charge of
the machine at the time of the accident was not in the employ of the
defendant, and never had been in his employ, and that he was not
engaged in the business of the defendant, or under his direction and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

control, at that time. The case comes within the rule laid down in Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.